| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | NOT FOR PUBLICATION |

HENRY C. LATHAM,

                        Plaintiff,

        - versus -

GERALDINE LATHAM,

                        Defendant.

ORDER
12-CV-4561

JOHN GLEESON, United States District Judge:

      *Pro se* plaintiff Henry Latham filed this claim on September 10, 2012. I grant his request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 solely for the purpose of this Order. Because I am unable to determine what claim he is advancing, I dismiss the complaint without prejudice.

## DISCUSSION

      Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." When a complaint lacks "a short and plain statement of the claim showing that the pleader is entitled to relief," as required by Rule 8 of the Federal Rules of Civil Procedure, it fails to state a claim on which relief may be granted and must therefore be dismissed. *See, e.g.*, *O'Neil v. Ponzi*, 394 Fed. App'x 795, 796 (2d Cir. 2010); *Solis v. Breslin*, 107 Fed. App'x 262, 264 (2d Cir. 2004).

      A *pro se* complaint, however, "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (internal quotation marks omitted). The court must liberally construe a *pro se* plaintiff's pleadings and interpret his complaint to raise the strongest

arguments it suggests. *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999). "The policy of liberally construing *pro se* submissions is driven by the understanding that '[i]mplicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)) (alteration in original).

Construing Mr. Latham's complaint liberally, I find that it fails under Rule 8. Because it is illegible, it is incomprehensible and does not state a claim upon which relief may be granted.[1]

## CONCLUSION

The complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). *In forma pauperis* status is denied for purpose of an appeal because any appeal from this order would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

So ordered.

John Gleeson, U.S.D.J.

Dated: September 18, 2012
　　　Brooklyn, New York

---

[1] Latham has numerous other incomprehensible complaints in this court. *See Latham v. Transit Adjudicate*, No. 11 Civ. 4183 (dismissed on October 6, 2011); *Latham v. Fitzgerald*, No. 11 Civ. 4728 (dismissed on October 6, 2011); *Latham v. Father Pat Fitzgerald St. Frances 31 St. NYC*, No. 11 Civ. 4386 (dismissed on September 29, 2011); *Latham v. Latham*, No. 11 Civ. 4582 (dismissed on September 29, 2011); *Latham v. Latham*, No. 11 Civ. 4219 (dismissed on September 1, 2011); *Latham v. 29 Gallatin Place Brooklyn*, No. 11 Civ. 2726 (dismissed on June 13, 2011); *Latham v. 800 Poly Place*, No. 10 Civ. 5697 (dismissed on December 17, 2010); *Latham v. Latham*, No. 10 Civ. 3915 (dismissed on December 14, 2010); *Latham v. John*, No. 10 Civ. 3445 (dismissed on August 26, 2010); *Latham v. N.Y. Harbor*, No. 10 Civ. 2768 (dismissed on August 26, 2010); *Latham v. Transit Auth. Civil Gov't*, No. 10 Civ. 2047 (dismissed on July 26, 2010); *Latham v. John*, No. 09 Civ. 3398 (dismissed on August 20, 2009); *Latham v. Transit Auth. Civil*, No. 09 Civ. 1009 (dismissed on July 16, 2009); *Latham v. Civil Gov't Transit Bldg.*, No. 08 Civ. 2522 (dismissed on July 17, 2008); *Latham v. VA Outpatient Hosp.*, No. 06 Civ. 6758 (dismissed on January 11, 2007); *Latham v. Kingsboro Psychiatric Ctr.*, No. 06 Civ. 1140 (dismissed on April 10, 2006); *Latham v. N.Y. Psychotherapy*, No. 04 Civ. 2945 (dismissed on September 3, 2004); *Latham v. Iappil*, No. 02 Civ. 2523 (dismissed on June 27, 2002).